IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAMES MATHIEU, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:21-cv-02223-E (BT) |
| | § | |
| R. BABINEAUX, et al., | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This is a *pro se* civil action brought by Plaintiff James Mathieu under 42
U.S.C. § 1983.  (ECF No. 3). On September 21, 2021, the Court sent Mathieu a
Notice of Deficiency and Order (ECF No. 5), which ordered him to file a complaint
in compliance with Federal Rule of Civil Procedure 8(a), pay the filing fee or file a
proper request to proceed *in forma pauperis*, and file his complaint on the proper
form. The Order informed Mathieu that failure to respond and cure these
deficiencies by October 21, 2021 could result in a recommendation that his case be
dismissed. On October 5, 2021, Mathieu filed two documents, but he did not
remedy the deficiencies set forth in the Court's September 21, 2021 Order.
Therefore, the Court should dismiss this case without prejudice pursuant to
Federal Rule of Civil Procedure 41(b).

Rule 41(b) allows a court to dismiss an action *sua sponte* for failure to
prosecute or for failure to comply with the federal rules or any court order. *Griggs
v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 844 (5th Cir. 2018) (citing *McCullough v.*

1

*Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (per curiam)); *accord Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016) (failure to comply with a court order); *Rosin v. Thaler*, 450 F. App'x 383, 383-84 (5th Cir. 2011) (per curiam) (failure to prosecute). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.*, 370 U.S. 626 (1962)).

Here, Mathieu has failed to comply with the Court's order to file a complaint in compliance with Federal Rule of Civil Procedure 8(a) or file his complaint on the proper form. The Court cannot screen his claims, and thus this litigation cannot proceed, until he cures these deficiencies. Mathieu has also failed to pay the filing fee or file a proper request to proceed *in forma pauperis*. Thus, Mathieu has failed to prosecute his lawsuit and also failed to obey a court order. Dismissal without prejudice is warranted under these circumstances.

The Court should dismiss Mathieu's case without prejudice under Rule 41(b).

SO RECOMMENDED.

Signed October 22, 2021.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

2

INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).